RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 16a0083p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellant,*

*v.*

No. 15-1791

DIONTE JONES,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Flint.
No. 4:14-cr-20464—Linda V. Parker, District Judge.

Argued: March 18, 2016

Decided and Filed: April 6, 2016

Before: KETHLEDGE, DONALD, and ROTH*, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Stephanie M. Gorgon, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellant. Richard D. Korn, Detroit, Michigan, for Appellee. **ON BRIEF:** Stephanie M. Gorgon, UNITED STATES ATTORNEY'S OFFICE, Detroit, Michigan, for Appellant. Richard D. Korn, Detroit, Michigan, for Appellee.

_____

## OPINION

_____

KETHLEDGE, Circuit Judge. A confidential informant told ATF agent Mark Kloostra that a man called "D" was selling cocaine out of a particular residence in Flint. Kloostra later

_____
*The Honorable Jane R. Roth, Senior Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

observed all the following things first-hand:  the defendant, Dionte Jones, emerged from the house, got into a car registered to an owner at that residence, drove to the site of a prearranged drug deal, and sold cocaine to the informant, whom Kloostra had known for two years.  Kloostra promptly obtained a search warrant for the house, where agents found cocaine, guns, scales, and cash.  But the district court later granted Jones's motion to suppress all this evidence, finding that Kloostra's affidavit in support of the warrant application—which recited all of the facts described above—did not support the state judge's finding of probable cause.  We disagree and reverse.

In May 2014, a confidential informant told Kloostra that a man known as "D" was selling cocaine from a house at 1612 Copeman Boulevard in Flint, Michigan.  Kloostra and the informant set up a controlled drug buy from "D."  In preparation for the buy, agents searched the informant for drugs and money.  Finding none, the officers then gave the informant marked bills to buy cocaine from "D."  Kloostra and other agents also set up surveillance around 1612 Copeman Boulevard.  Shortly before the scheduled time for the buy, agents watched a black male walk out of the house, get into a black Chevrolet SUV, and drive away.  The SUV was registered to a woman who lived at 1612 Copeman Boulevard.  The agents followed the SUV from the house to the location of the controlled buy.  The agents then watched the informant get into the SUV and buy from the occupant a substance that appeared to be cocaine.  The informant later gave the substance to Kloostra, who field-tested it to confirm that it was cocaine.  It was.

Less than 36 hours later, Kloostra applied in state court for a warrant to search the house at 1612 Copeman Boulevard.  In his affidavit in support, Kloostra stated that a confidential informant had told him that "quantities of cocaine are being sold" from that residence.  Kloostra stated that he had worked with the informant for two years and believed him to be "reliable and credible."  Kloostra also described—based on his own observations—Jones's emergence from the house (though the agents did not know his name then), Jones's sale of cocaine to the informant, and Kloostra's own field test on the drugs.  Kloostra also specifically recited, in ¶ 12 of the affidavit, that this sale of cocaine "was made within the past thirty-six (36) hours."  Kloostra further stated that, based on his training and 24 years' experience as a federal agent, "people who possess and sell illicit controlled substances from a certain area of a premises" tend

to have drugs, guns, money, and scales on those premises.  The state judge granted a warrant to search 1612 Copeman Boulevard, where agents found cocaine, two firearms, digital scales, and $2,880 in cash.

A federal grand jury thereafter indicted Jones for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Jones moved to suppress all the evidence obtained during the search of the Copeman Boulevard house.  The district court granted the motion and the government brought this appeal.

We review de novo the district court's determination that the agent's affidavit in support of the warrant did not support a finding of probable cause.  *United States v. Brown*, 732 F.3d 569, 572 (6th Cir. 2013).  Probable cause for a search warrant exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  In determining whether probable cause supported a search, a reviewing court—whether our court or the district court—asks only whether the judge who issued the warrant "had a substantial basis for concluding that a search would uncover evidence of wrongdoing[.]" *Gates*, 462 U.S. at 236 (internal quotation marks and alterations omitted).  Our review of the state judge's decision to grant the warrant is deferential:  we may reverse the state judge's decision only if the judge "arbitrarily exercised his or her authority." *Brown*, 732 F.3d at 573.

One cannot say that the state judge acted arbitrarily here.  The question presented is whether Kloostra's affidavit gave the judge a substantial basis to conclude that there was a "fair probability" that a search of 1612 Copeman Boulevard would uncover evidence of drugs, guns, or drug-dealing.  Per the affidavit, Kloostra received a tip—from an informant with whom he had worked for two years—that "D" was selling cocaine from 1612 Copeman.  Kloostra's own observations then corroborated that tip:  Kloostra saw Jones come out of a house at that address, get into a vehicle registered to a woman who lived at that address, drive to the site of a controlled buy, and then sell cocaine to the confidential informant.  That Jones got into a vehicle registered to a person at that address was good reason to think that Jones had some substantial connection to that address.  A mere dinner guest, for example, typically does not drive off in the family car. That Jones sold drugs to the informant immediately after leaving the house provided good reason

to think that Jones was a drug dealer.  Kloostra's observations therefore gave him reason to believe that Jones was a drug dealer and that Jones had some substantial connection to 1612 Copeman.  Those observations thus corroborated the tip that drugs were sold there.  The observations also gave reason to think that drugs were stored there:  the record provides no reason to think that Jones's sale of drugs to the informant had exhausted his supply of drugs to sell; those drugs, in the likely event that they existed, had to be somewhere; and Jones's connection to 1612 Copeman Boulevard gave rise to a fair probability, at the very least, that the drugs were there.  Agent Kloostra's own observations in connection with the informant's tip, therefore, easily supported a finding of probable cause.  *See United States v. Coffee*, 434 F.3d 887, 894 (6th Cir. 2006).

The district court raised three concerns in holding the contrary.  First, the court said that Kloostra's affidavit did not describe in detail his two-year relationship with the confidential informant.  Tr. at 110.  That concern was misplaced:  the affidavit provided probable cause not merely because of what the informant said, but also because of what Kloostra himself observed first-hand.  And those first-hand observations corroborated the tip more than any detail about transactions years before could have.  Second, the court said that "the warrant itself was lacking as to dates of when the transactions took place, meaning in terms of the alleged drug transactions."  Tr. at 110.  That concern was mistaken:  Kloostra's affidavit expressly stated that Jones's transaction with the informant, which is the transaction that matters here, took place within 36 hours of Kloostra's submission of the warrant application.  Third, the court was "very troubled" that Kloostra's affidavit did not mention that "Mr. Jones is a large man," and instead said only that he was "a black male."  Tr. at 110-11.  But whether Jones was large or small is beside the point.  The affidavit could have described him simply as a "person" and yet—based on the other information in the affidavit—there would have been probable cause to search the house.  What matters is not what Jones looked like, but that he left 1612 Copeman and drove straight to a drug deal in which he was the seller.

The district court's mistake—a mistake likewise made by Jones in his arguments on appeal—was to think of this case as one where the police conducted a search based on an

informant's tip alone.  That did not happen here:  the warrant was based on Kloostra's own observations more than it was the informant's.

The district court's suppression order is reversed, and the case remanded for further proceedings consistent with this opinion.